# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

DEVIN EUGENE MCKAY,

      Defendant-Appellant.

UNPUBLISHED
January 14, 2016

No. 323519
Wayne Circuit Court
LC No. 14-001752-FC

Before: SAAD, P.J., and WILDER and MURRAY, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of assault with intent to commit murder,[1] MCL 750.83, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced to 15 to 30 years' imprisonment for the assault with intent to commit murder conviction, and two years' imprisonment for the felony-firearm conviction. We affirm.

## I. BACKGROUND

Early in the afternoon on October 29, 2013, the victim, Jamaal Mason, received a message from a woman on an online dating website. The woman, a juvenile hereafter referred to as MS, and Mason had previously been communicating on the website four months prior to this message. However, those communications had ceased when Mason asked about a picture he had observed of MS and defendant on the website and was informed by MS that defendant was her significant other. In her message to Mason, MS indicated that she wanted to meet up with Mason at 15360 Ward in Detroit, Michigan. Mason agreed to meet her there later that day.

Mason pulled into the driveway of 15360 Ward at approximately 3:30 p.m. When he arrived, he observed MS walking towards the home and MS subsequently entered Mason's vehicle. After talking with MS for five minutes, Mason observed defendant in his rear view mirror approaching him with a black handgun. Defendant came up to Mason's window, and

---

[1] Defendant was also charged with the lesser included offense of assault with intent to do great bodily harm less than murder, MCL 750.84.

Mason leaned back in his seat in order to avoid defendant. As he leaned back, the car began to roll in reverse, at which point defendant shot twice into the vehicle. One of the shots hit Mason in his left shoulder. Mason was able to climb into the back seat and escape the vehicle out of the back passenger door. As Mason was running away, defendant fired four more shots. While three shots missed, one struck Mason in his right buttock.

On November 1, 2013, members of the Detroit Police Department visited Mason at the hospital. The officers showed Mason six different pictures in an attempt to identify his assailant. After reviewing the pictures, Mason immediately identified defendant as the man who shot him.

## II. ANALYSIS

Defendant argues that his trial counsel was constitutionally ineffective because of his failure to call MS as a witness and because of his failure to move to have Mason's identification of defendant suppressed. The ultimate constitutional issue arising from an ineffective assistance of counsel claim is reviewed de novo. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). Any findings of fact are reviewed for clear error. *Id*.

In order to prove ineffective assistance of counsel, "a defendant must show that counsel's performance fell below an objective standard of reasonableness, and that the representation so prejudiced the defendant as to deprive him of a fair trial." *People v Pickens*, 446 Mich 298, 338; 521 NW2d 797 (1994). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v Washington*, 466 US 668, 689; 104 S Ct 2052; 80 L Ed 2d 674 (1984). Reasonable professional assistance includes "a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Id*. at 691. In order for the defendant to satisfy the prejudice prong of the analysis, "a court must conclude that there is 'a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt.' " *Pickens*, 446 Mich at 312, citing *Strickland*, 466 US at 695.

Defendant's trial counsel did not provide deficient performance when he failed to investigate and procure MS to testify at trial because "a lawyer may not knowingly offer inadmissible evidence or call a witness knowing that he will claim a valid privilege not to testify." *People v Paasche*, 207 Mich App 698, 709; 525 NW2d 914 (1994), citing *People v Giacalone*, 399 Mich 642, 645; 250 NW2d 492 (1977). The record reveals that MS was charged as a juvenile for her role in the attack against Mason. An affidavit by a Wayne County prosecutor states that his office attempted to get MS to testify but was informed by her counsel that she would not be made available to testify because her separate case was ongoing. Because attorneys cannot call witnesses whom they know will claim a valid privilege, defendant's trial counsel's failure to call MS did not fall below an "objective standard of reasonableness." *Pickens*, 446 Mich at 338. In addition, "[d]ecisions regarding what evidence to present, whether to call witnesses, and how to question witnesses are presumed to be matters of trial strategy." *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008). Trial counsel's decision not to call MS as a witness was a reasonable trial strategy and therefore defendant cannot satisfy the deficiency prong in regards to this ineffective assistance of counsel claim.

Defendant also argues that his trial counsel's performance was deficient in failing to move to have Mason's identification of defendant suppressed on the ground that it was overly suggestive. This Court has held that "[t]he fairness of the identification procedure must be evaluated in the light of the totality of the circumstances. The test is the degree of suggestion inherent in the manner in which the suspect's photograph is presented to the witness for identification." *People v Mitchell*, 61 Mich App 153, 159; 232 NW2d 340 (1975).

There was nothing suggestive about the way the photos were displayed to Mason. Mason specifically testified that he was not coerced or persuaded into identifying defendant, and one of the officers testified that Mason was able to quickly identify defendant. Defendant does not cite to any authority for the proposition that a photographic show up is suggestive because the identifying party happened to previously and independently see a picture of defendant. Defendant's trial counsel likely recognized that this argument had no merit, and therefore it cannot be said that his decision not to challenge the identification fell below an objective standard of reasonableness. *Pickens*, 446 Mich at 338.

Defendant next argues that the trial court erred in admitting the conversation between Mason and MS from the online dating website as well as MS's profile picture with defendant from the site. Defendant argues that the conversation was hearsay and that both the conversation and MS's picture lacked an adequate foundation for admission into evidence.

"To preserve an evidentiary issue for review, a party opposing the admission of evidence must object at trial and specify the same ground for objection that it asserts on appeal." *People v Aldrich*, 246 Mich App 101, 113; 631 NW2d 67 (2001). At trial, defense counsel argued that the online postings should not be admitted because they were "cumulative and irrelevant." However, on appeal, defendant is arguing that the postings should not have been admitted because they were hearsay and lacked an adequate foundation. Since these were not the grounds objected to at trial, this issue is unpreserved.

This Court reviews unpreserved issues for plain error affecting a defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). In order to avoid forfeiture of the issue, (1) error must have occurred (2) the error must have been plain, i.e., clear or obvious and (3) the plain error affected the defendant's substantial rights. *Id*. This third requirement is satisfied if the defendant can demonstrate prejudice, i.e., that the error affected the outcome of the lower court proceedings. *Id*. If the defendant satisfies these three requirements, this Court will only grant reversal when the plain error resulted in the conviction of an innocent defendant or "seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id*. at 763-764.

The Michigan Rules of Evidence (MRE) define "hearsay" as "a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c). Hearsay is inadmissible except as provided by the rules of evidence. MRE 802. The online conversation between MS and Mason contains hearsay because it was being offered to show that MS was in fact located at 15360 Ward, the location of the shooting, and that Mason was going to meet her there. Defendant argues that because the conversation was hearsay and does not fall into the business record exception set forth in MRE 803(6), it should not have been admitted at trial.

-3-

Defendant does not explain how the business record exception is applicable in a situation involving a conversation between two individuals on a dating website. Nevertheless, the conversation between Mason and MS falls under the hearsay exception set forth in MRE 803(3) because it introduces statements of Mason's "then existing state of mind . . . (such as intent, plan, motive, design, mental feeling, pain, and bodily health)." *People v Ortiz*, 249 Mich App 297, 309; 642 NW2d 417 (2001) ("It is well accepted that evidence that demonstrates an individual's state of mind will not be precluded by the hearsay rule."). As the prosecution stated during trial, the conversation was meant to show how Mason ended up going to meet MS at 15360 Ward. Therefore, the statements introduce Mason's intent or plan to meet MS at the address at which he was shot.

The prosecution also laid an adequate foundation to introduce the conversation between Mason and MS as well as MS's online profile picture of her and defendant. MRE 901 states that the authentication requirement "is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." MRE 901(a). One of the ways in which this requirement is satisfied is through testimony of a witness with knowledge that the "matter is what it is claimed to be." MRE 901(b)(1). During trial, Mason testified regarding the online conversations between himself and MS as well as the picture of MS and defendant. As a member of the dating site, as well as a participant in the conversation with MS, Mason clearly had knowledge of the authenticity of the conversation as well as the picture. Therefore, there was an adequate foundation for their admission into evidence.

Finally, defendant argues[2] that he is entitled to resentencing because the trial court incorrectly scored offense variable (OV) 10, which directs trial judges to examine whether the defendant engaged in the exploitation of a vulnerable victim while committing a crime. MCL 777.40(1)(a) provides that the trial court should assess 15 points under OV 10 if it finds that "Predatory conduct was involved." MCL 777.40(3)(a) defines "Predatory conduct" as "preoffense conduct directed at a victim . . . for the primary purpose of victimization." The Michigan Supreme Court has held that "in order to assess 15 points for OV 10 . . . the victim does not have to be inherently vulnerable. Instead, a defendant's 'predatory conduct,' by that conduct alone . . . can create or enhance a victim's 'vulnerability.'" *People v Huston*, 489 Mich 451, 454; 802 NW2d 261 (2011).

Here, Mason's testimony established that defendant engaged in predatory conduct towards Mason. Specifically, Mason testified that he observed defendant in MS's online dating profile picture, and that after this observation, he stopped speaking with her. However, according to Mason, MS suddenly contacted him four months later to meet up at an abandoned home. Almost immediately after Mason and MS arrived, defendant approached from the rear of

---

[2] The Michigan Supreme Court held that Michigan's sentencing guidelines are unconstitutional to the extent they "*require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables (OVs) that *mandatorily* increase the floor of the guidelines minimum sentence range . . ." *People v Lockridge*, 498 Mich 358, 364; 870 NW2d 502 (2015). However, defendant has not raised a *Lockridge* issue on appeal.

the vehicle and shot Mason multiple times. This testimony gives rise to the inference that defendant and MS acted in concert for the purpose of placing Mason in a vulnerable position to either rob or kill him. Therefore, a preponderance of the evidence supported the trial court's scoring of OV 10 at 15 points.

In a Standard 4 brief, defendant argues that he was denied his constitutional right to the effective assistance of counsel where his trial counsel failed to impeach Mason's trial testimony with his prior inconsistent testimony at defendant's preliminary examination. The ultimate constitutional issue arising from an ineffective assistance of counsel claim is reviewed de novo. *LeBlanc*, 465 at 579. Any findings of fact are reviewed for clear error. *Id*.

Despite defendant's claim to the contrary, the record does not reveal any inconsistency in Mason's preliminary examination and trial testimony regarding the identity of his assailant. At the preliminary examination, Mason, although he did not know defendant on the day of the shooting and had never seen defendant prior to that day, identified defendant as his shooter. At trial, Mason testified that he was easily able to pick out defendant as his assailant from a photographic show up because defendant showed his face in broad daylight. Nothing about these two statements is inconsistent. All this demonstrates is that on two separate occasions, Mason identified defendant as the man who shot him while he was talking with Stevenson in his car. Defendant's trial counsel could not have successfully impeached Mason's trial testimony in regard to the identity of the man who shot him. Therefore, it cannot be said that the failure of defendant's trial counsel to impeach Mason with his prior testimony "fell below an objective standard of reasonableness." *Pickens*, 446 Mich at 338. Because the performance of defendant's trial counsel was not deficient, this Court need not address whether defendant was prejudiced by this performance.

Affirmed.


/s/ Henry William Saad
/s/ Kurtis T. Wilder
/s/ Christopher M. Murray